Received From
SEATTLE

MAR 30 2006

___ FILED      ___ ENTERED
___ LODGED     ___ RECEIVED

MAR 28 2006   DB

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
          DEPUTY

06-CV-05163-M

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| Burrell Marsh Allen and Helen Allen, , <br><br> Movants, <br><br> v. <br><br> RBC Dain Rauscher Inc., Robert Lance Posner, <br><br> Respondents. | NO. CV06-5163 RJB <br><br> MOTION TO VACATE ARBITRATION AWARD |

## I. INTRODUCTION

Movants Burrell Marsh ("Burrell") and Helen ("Helen") Allen, ask that the Court vacate an NASD Arbitration Award entered on December 29, 2005 in favor of RBC Dain Rauscher Inc. ("Dain") and Lance Posner ("Posner"). Movants incorporate by reference the averments set forth in their Complaint to Vacate an NASD Arbitration Award, filed simultaneously.

## II. STATEMENT OF FACTS

On June 30, 2005, Movants (hereinafter referred to as "Claimants" as in the proceedings before NASD Dispute Resolution ("NASD") to avoid confusion) filed a Statement of Claim (a copy of which is attached as Exhibit "1" to the complaint to vacate arbitration award ("Complaint")). Dain filed a Motion to Dismiss and Answer to Claimants' Statement of Claim (a copy of which is attached as Exhibit "2" of the Complaint) on August 25, 2005. On November 10, 2005, Claimants' filed a response to Dain's Motion to Dismiss (copy attached as

MOTION TO VACATE ARBITRATION AWARD- 1
c:\documents and settings\ari\desktop\memorandum in support of motion to vacate.doc

BERGMAN & FROCKT
705 SECOND AVENUE, SUITE 1601
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

**ORIGINAL**

1  Exhibit "3" to the Complaint) which placed at issue, not only the contentions advanced by Dain,
2  but challenged the propriety of such a motion under the NASD's Code of Arbitration Procedure
3  ("Arbitration Code"). Dain filed a reply to Claimants' Response (a copy of which is attached as
4  Exhibit "4" to the complaint). *No affidavits were ever filed by Dain.*

5  On December 21, 2005, a telephonic argument on the motions was heard by the
6  Arbitration Panel ("the Panel"). The hearing was not recorded. *No testimony was taken by the*
7  *Panel.* Claimants reminded the panel that, because no affidavits or any other form of evidence
8  had been presented disputing the allegations in the Statement of Claim, all facts pled by Mr. and
9  Mrs. Allen must be taken as true. See affidavit of Nicholas P. Iavarone, attached as exhibit A to
10 Declaration of Ari Brown (hereinafter "Iavarone Affidavit"). Claimants, through their attorneys
11 presented argument regarding both factual and legal issues both in oral argument and in their
12 written materials. See, Iavarone Affidavit at ¶3. It was not disputed that the contract between
13 the parties provided that all transactions between the parties are subject to the Security Exchange
14 Act of 1934 and the Commodity Exchange Act, to their respective regulations, and to the
15 customs and usages of the exchange market where market orders are executed. See, Iavarone
16 Affidavit at ¶¶4-5.

17 On the same day as the telephonic hearing, the Panel requested the parties to file
18 affidavits of attorney's fees incurred by the respective parties (a copy is attached as Exhibit "5"
19 to the Complaint). Thereafter, without providing claimants any opportunity to dispute the
20 amount of purported attorney's fees incurred by Dain and exceeding their authority, the Panel
21 issued an award (the "Award"), dismissing Claimants statement of claim and assessing
22 $13,944.60 in attorney's fees and $905.61 in costs against Claimants.
23

MOTION TO VACATE ARBITRATION AWARD- 2
c:\documents and settings\ari\desktop\memorandum in support of motion to vacate.doc

BERGMAN & FROCKT
705 SECOND AVENUE, SUITE 1601
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

## III. ARGUMENT

A federal court may vacate or modify an arbitration award if that award exhibits a "manifest disregard of law," or otherwise falls within one of the grounds set forth in 9 U.S.C. §§ 10 or 11. LaPine Tech. Corp. v. Kyocera Corp., 130 F.3d 884, 888 (9th Cir.1997). The FAA provides that a court may vacate an arbitration award "where the arbitrators exceeded their powers." 9 U.S.C. §10(a)(4). Where arbitrators exercise authority beyond that which is granted to them, such action is *ultra vires* and should be set aside. Boise Cascade Corp. v. Paper Allied-Indus., Chem. & Energy Workers, 309 F.3d 1075, 1080 (8th Cir.2002). Notwithstanding the deference due to an arbitrator's decision, such deference "does not grant carte blanche approval to any decision that arbitrator might make." Advest Inc. v. McCarthy, 914 F.2d 6, 8 (1st Cir. 1990); See also Matteson v. Ryder Sys. Inc. 99 F.3d 108, 113 (3d Cir. 1996)(noting that courts "are neither entitled nor encouraged simply to 'rubber stamp' the interpretations and decisions of arbitrators."). An award may be vacated on procedural grounds for failure to comply with the requirements of due process. Amalgamated Food & Allied Workers Union v. Great At. & Pacific Tea Co., 415 F.2d 185 (3d Cir. 1969).

The award in this case must be vacated for several reasons. *First*, the panel lacked the authority pursuant to the Arbitration Code to dismiss the Statement of Claim. *Second*, assuming, *arguendo*, that the Panel possessed the authority to dismiss the Statement of Claim, the Award was rendered in a procedure that violated claimants' right to due process under the Fifth Amendment to the Constitution of The United States. *Third*, assuming, *arguendo*, that the Panel had both the authority to dismiss the Statement of Claim and that they did so in a procedure which satisfied due process requirements, the dismissal was made with a manifest disregard for

BERGMAN & FROCKT
705 SECOND AVENUE, SUITE 1601
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

the law. *Fourth*, assuming, *arguendo* that the panel properly dismissed the Statement of Claim, the Panel exceed its authority in awarding attorney's fees to Dain.

### A. THE PANEL EXCEEDED ITS AUTHORITY BECAUSE THE ARBITRATION CODE DOES NOT PERMIT SUMMARY DISMISSAL

The NASD, in its Code of Arbitration Procedure ("Arbitration Code"), provides that public customers need only file a statement of relevant facts and the relief requested in order to initiate an arbitration claim against a member. Arbitration Code § 10314(a)(1). A complaining public customer is entitled to a hearing on the merits unless the customer and respondent agree in writing to waive that hearing:

> (a) Any dispute, claim or controversy except as provided in Rule 10203 (Simplified Industry Arbitration) or Rule 10302 (Simplified Arbitration), *shall require a hearing unless all parties waive such hearing in writing* and request that the matter be resolved solely upon the pleadings and documentary evidence.

Arbitration Code §10303(a)(emphasis supplied). The only predicate is that the submission must relate to the exchange business of a member. Arbitration Code § 10101. Clearly, if a pleading on its face does not relate to the exchange business of a member (*i.e.* a customer being struck by a vehicle driven by an employee or contracting food poisoning in the firm's cafeteria), then the NASD can, of course, decline to accept the purported claim. Arbitration Code § 10101. If however, the claim, on its face, relates to the business of a member, then only three grounds exist for the claim to be "dismissed":

A. The claim purports to assert a class action against the member firm or its employees. Arbitration Code § 10301(d)(1);

B. The Respondent is not a member or affiliate of a Member or a public customer who has signed an arbitration agreement;

C. The purported claim clearly and unequivocally seeks to assert a claim that arose more than six years from the date of filing. Arbitration Code § 10304.

MOTION TO VACATE ARBITRATION AWARD- 4
c:\documents and settings\ari\desktop\memorandum in support of motion to vacate.doc

BERGMAN & FROCKT
705 SECOND AVENUE, SUITE 1601
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1   In this case, Claimants clearly alleged a claim based on the exchange business of Dain and Dain
2   is a member of the NASD.

3   The reasons Dain asserted for dismissal were predicated on either a contested version of
4   the facts, that certain claims were not viable, or on an assertion that state statutes of limitations
5   barred certain claims. None of these "rationales" are listed anywhere in the Arbitration Code as
6   a reason for not proceeding to hearing. Indeed, the Arbitration Code provides no procedure
7   whatsoever for a summary dismissal of a duly filed claim asserting relief for damages occasioned
8   in the conduct of a member's exchange business for occurrences *alleged* to have occurred within
9   six years of filing that do not involve class assertions of claims or discrimination.

10  Conversely, the provisions of the NASD's Code of Administrative Procedure
11  ("Administrative Code") which specifically provides for such motions in § 9264 and which, as
12  discussed, *infra*, provides specific procedural safeguards to prevent an arbitrary or capricious
13  disposition. The arbitration panel, therefore, exceeded its authority, in dismissing the instant
14  claim within the meaning of the Arbitration Code.

15  **B.   EVEN IF THE ARBITRATION CODE PERMITS THE PANEL TO SUMMARILY DISMISS A CLAIM, SUCH A PROCEDURE LACKS**
16  **DISCERNIBLE STANDARDS AND IS ARBITRARY AND CAPRIOUS**

17  Claimants executed a valid arbitration agreement when they opened their account with
18  Dain and therefore were required, pursuant to 9 U.S.C. § 2 to arbitrate their claims against Dain
19  arising from the mismanagement of their account. *See generally*, Mitsubishi Motors Corp. v.
20  Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 625 (1985) *citing* Moses H. Cone Memorial
21  Hospital v. Mercury Construction Corp., 460 U.S. 1, 24 (1983).

22  Pursuant to the Securities Exchange Act of 1934 15 U.S.C. § 78s, *et seq.*, and the
23  regulations of the Securities Exchange Commission ("S.E.C"), the rules of the NASD are subject

MOTION TO VACATE ARBITRATION AWARD- 5
c:\documents and settings\ari\desktop\memorandum in support of motion to vacate.doc

BERGMAN & FROCKT
705 SECOND AVENUE, SUITE 1601
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

to SEC oversight. *See e.g.* 15 U.S.C. § 78(b)(1); United States v. NASD, 422 U.S. 694, 700-01 n.6 (1975). Indeed, in Shearson v. McMahon, 482 U.S. 220 (1987), the case in which the Supreme Court mandated that arbitration clauses were enforceable in claims asserting violations of federal securities laws, *the Court specifically cited the S.E.C.'s oversight of the arbitration process as a mechanism which insured that customers were not waiving the protections of federal law by being compelled to arbitrate*:

> In the exercise of its regulatory authority, the SEC has specifically approved the arbitration procedures of the New York Stock Exchange, the American Stock Exchange, and the NASD, the organizations mentioned in the arbitration agreement at issue in this case. We conclude that where, as in this case, the prescribed procedures are subject to the Commission's §19 authority, an arbitration agreement does not affect a waiver of the protections of the Act.

482 U.S. at 234. Therefore, the actions of the NASD constitute governmental action which, therefore, requires compliance with the due process provision of the Fifth Amendment. *See generally*, Jevne v. Superior Court, 28 Cal. Rptr. 3d 685 (2005)(SEC's approval of an NASD rule is an expression of federal policy).

Assuming arguendo, the NASD Code of Arbitration Procedure can be interpreted to allow arbitrators to dismiss a Statement of Claim that the NASD Director of Arbitration found to meet the submission requirements of the Arbitration Code as specified in §10101, then such a procedure is void since it provides no standards to protect a party from capricious and arbitrary dismissals of claims. *See* Skokomish Indian Tribe v. Fitzsimmons, 982 P.2d 1179, 1185-86 (Wash. App. 1999)(court held that an agency's failure to follow procedures prescribed by law was arbitrary and capricious in that the action was willful and unreasoning, and taken without regard to the attending facts or circumstances); *see also* Pierce County Sheriff v. Civil Service Commission of Pierce County, 638 P.2d 648 (Wash. 1983)(recognizing that arbitrary and capricious

MOTION TO VACATE ARBITRATION AWARD- 6
c:\documents and settings\ari\desktop\memorandum in support of motion to vacate.doc

BERGMAN & FROCKT
705 SECOND AVENUE, SUITE 1601
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

agency action is subject to review as the right to be free of arbitrary and capricious action is fundamental). The Arbitration Code articulates no standard for summary dispositions, permitting arbitrators to dispose of a claim for purely capricious or arbitrary reasons such as merely having a more appealing appointment on the hearing date, or that a claimant has the same name of some detested high school instructor. Moreover, the Arbitration Code provides no requirements that the arbitrators provide a reason for dismissal, or a procedure to review the decision to prevent such arbitrary or capricious dismissal.

What are the standards? Can a Statement of Claim, for example, be dismissed if material disputed facts are present? May the panel accept as "facts" bare allegations of the movant? What inferences are permissible in determining such a dispositive motion? Can one panel take inferences in favor of the non-movant while another panel takes all inferences in favor of the movant, while another panel mixes and matches inferences between movant and non-movant as it pleases? These are but a few of the unanswered, and *wholly unanswerable*, "questions" concerning the non-articulated procedure employed by the Panel in this instance.

When the NASD does provide for summary dismissals of proceedings, it does so within the proscriptions required by fundamental due process as evidenced by the summary disposition procedure for administrative proceedings initiated against members. Contrary to the arbitration code, the Administrative Code specifically provides for such motions in § 9264 entitled "Motion for Summary Dispositions." The procedures for such motions mimic the requirements of federal and state rules for motions for summary judgment by providing that the motion be grounded on uncontested facts, affidavits or declarations:

> A motion for summary disposition pursuant to paragraph (a) shall be accompanied by the following: *a statement of undisputed facts; a supporting memorandum of points and authorities; and affidavits or declarations that set forth such facts as would be admissible at the hearing and show affirmatively that*

MOTION TO VACATE ARBITRATION AWARD- 7
c:\documents and settings\ari\desktop\memorandum in support of motion to vacate.doc

BERGMAN & FROCKT
705 SECOND AVENUE, SUITE 1601
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

*the affiant is competent to testify to the matters stated therein.* A memorandum of points and authorities in support or opposition shall not exceed 35 pages.

Administrative Code § 9264(d)(emphasis supplied). And, as in all federal and state court rules, the Administrative Code requires that all facts alleged by the non-movant (other than those contested by affidavit or declaration) are to be accepted as true:

> If a Party files a motion under paragraph (a), *the facts alleged in the pleadings of the Party against whom the motion is made shall be taken as true*, except as modified by stipulations or admissions made by the non-moving Party, by uncontested affidavits or declarations, or by facts officially noticed pursuant to Rule 9145.

Administrative Code §9264(c)(emphasis supplied). Comporting with federal and state procedural rules, the Administrative Code also provides that such a motion may only be granted as follows:

> The Hearing Panel or, if applicable, the Extended Hearing Panel, *may grant the motion for summary disposition if there is no genuine issue with regard to any material fact and the Party that files the motion is entitled to summary disposition as a matter of law.*

Administrative Code § 9264(e)(emphasis supplied).[1]

The inclusion of these provisions in the summary disposition provision of the Administrative Code not only stands in stark contrast to the supposed summary disposition "authority" (assuming it exists) in the Arbitration Code, but also provides the basic due process requirements for such a procedure. The government cannot force Claimants to arbitrate their claims before the NASD in a manner that permits the capricious and arbitrary dismissal of those claims. The Fifth Amendment does not permit such egregious denial of the fundamental fairness to which every citizen is entitled.

---

[1] While the Administrative code is silent as to whether the dismissal must be the subject of a written opinion, the inclusion "as a matter of law" presumes that a ruling based on an incorrect interpretation of the law is appealable. Indeed, in such a proceeding, the party against whom an adverse decision is rendered may appeal to the National Adjudicatory Council and NASD Board. Administrative Code § 9311.

MOTION TO VACATE ARBITRATION AWARD- 8
c:\documents and settings\ari\desktop\memorandum in support of motion to vacate.doc

BERGMAN & FROCKT
705 SECOND AVENUE, SUITE 1601
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

**C.  THE PANEL DISMISSED THE STATEMENT OF CLAIM IN MANIFEST DISREGARD OF THE LAW**

While Claimants believe that the Panel's dismissal demonstrated a manifest disregard for the law, this memorandum will focus on three of those claims: breach of contract, breach of fiduciary duty, and violation of NASD Rules.[2]

Dain's argument on the breach of contract claim was merely to denigrate the claim as non existent. *See* Exhibit "3" to the Complaint at p.2. Dain did not deny that a written agreement existed, nor did it deny that it contained the provision read to the Panel during the argument on the motion.[3] As Claimants established, the Dain contract unequivocally states:

> **3.  APPLICABLE RULES AND STATUTES.** All transactions made for me under this agreement shall be subject, where applicable, to the provisions of the Securities Exchange Act of 1934 and the Commodity Exchange Act, to all rules and regulations of the Securities and Exchange Commission, to the Board of Governors of the Federal Reserve System and The Commodities Futures Trading Commission. They shall also be subject to the rules and regulations, customs and usages of the exchange or market where my orders are executed, as the same may be amended or supplemented from time to time.

See, Iavarone Affidavit at ¶5. The FAA does not permit arbitrators to rewrite agreements. "After all, the basic objective in [arbitration] is not to resolve disputes in the quickest manner possible, no matter what the parties' wishes." First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 943 (1995). The FAA demands "rigorous" enforcement of arbitration agreements. Dean

---

[2] The claims of negligence for violation of state and federal securities laws admittedly are subject to limitations periods shorter than six years. Tolling of such limitations periods is, of course a factual consideration which generally does not lend itself to summary disposition. See, Dreiling v. American Exp. Travel Related Services Co., Inc. 351 F.Supp.2d 1077 (W.D.Wash.,2004)(applying equitable tolling following a factual analysis); Whittaker v. Whittaker Corp., 639 F.2d 516 (9th Cir.1981));. Schmucking v. Mayo, 235 N.W. 633 (Minn, 1931) (holding that fraudulent concealment will prevent the running of the statute of limitations). Claimants also admit that the letter sent by Claimants to Dain could have arguably tolled the statute depending on what specific facts Claimants were relying on when drafting the letter, a matter of intent not before the Panel. Rather than become mired in a factual controversy which is, of course, beyond the jurisdiction of this Court, Claimants will, instead, concentrate on those claims for which no limitations issue exits.

[3] Claimants did not retain a copy of the written agreement and one was not produced because discovery was not completed prior to the argument on the motion. Claimants did, however, have available another contract from another Dain customer and that was read into the record. *See* Iavarone Affidavit at ¶4.

MOTION TO VACATE ARBITRATION AWARD- 9
c:\documents and settings\arl\desktop\memorandum in support of motion to vacate.doc

BERGMAN & FROCKT
705 SECOND AVENUE, SUITE 1601
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985). Clearly, transactions not executed in accordance with or not comporting with the Securities Exchange Act, SEC regulations, NASD or NYSE rules, or not in accordance with general industry custom and usage, constitute a breach of contract. Since contractual claims under Minnesota law have a six year limitations period, state limitations of actions are not an issue. The grounds for the Panel's dismissal could not have been on statute of limitations grounds and were in manifest disregard of the law.

Claimants also alleged a breach of fiduciary duty by Dain. See Complaint, Exhibit "2" at p. 55. Claimants alleged that they placed trust in Dain and such trust was violated. Dain simply denied the claim, again with disparagement. Here, once again, the rules of the NASD and the NYSE are probative because such rules and regulations offer the standard of care by which the fiduciary duty is to be determined. See Pyle v. White, 796. F. Supp. 380, 385, n. 3 (S. D. Ind. 1992) (recognizing that exchange rules are relevant in setting forth standards by which defendants' conduct is to be evaluated, even if no private right of action exists for violation of the rules); see also Tropp v. Bache Halsey Stuart Shields, Incorporated, 650 F.2d 817 (6th Cir. 1980) (internal rules may be used to determine the standard of care a defendant broker owed to plaintiff). The Minnesota statute of limitations for actions predicated on a breach of fiduciary duty is six years. M.S.A. § 541.05. Once again, the ground for dismissal could not have been on statute of limitations without being in manifest disregard of the law.

Furthermore, while violations of "exchange rules" may not be actionable in court, Claimants were not "in court". Having succeeded in using arbitration agreements to restrict claimants from bringing claims "in court," it is disingenuous to then move for dismissal of an arbitration claim contending that the claim is not actionable "in court." Exchange arbitrations existed long before the McMahon decision and one of *the primary purposes of such arbitrations*

MOTION TO VACATE ARBITRATION AWARD- 10
c:\documents and settings\ari\desktop\memorandum in support of motion to vacate.doc

BERGMAN & FROCKT
705 SECOND AVENUE, SUITE 1601
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

*was to afford customers the right to seek damages for violations of exchange rules.* As the Commodity Futures Trading Commission ("CFTC") noted during the debate over whether to permit arbitrations of claims arising under the Commodity exchange Act, 9 U.S.C. §1, *et seq.*, notwithstanding the availability of both courts and CFTC reparation procedures noting that:

> Exercise of that discretion by the Commission in determining not to process a claim would not *ipso facto* be a basis from excluding a claim from an arbitration proceeding, since different standards and polices may apply in an arbitration proceeding (*e.g.* a violation of certain exchange rules may be the basis of an arbitration award but may not support a reparations award if the particular rule is not a violation of Commodity Exchange Act or rules thereunder).

17 C.F.R. 27526, n. 5. In fact in July, 2004, Linda Feinberg, president of the NASD touted NASD arbitration as the forum where customers could seek damages for violations of exchange rules. Among other reasons, she touted the fact that actions could be brought for violations of NASD rules and customers' claims are subject to longer and more lenient statutes of limitations. See Declaration of Ari Brown ¶3.

That the Panel was all too willing to manifestly disregard the law is evident from the award itself as discussed below.

**D.   THE PANEL AWARDED ATTORNEYS' FEES IN MANIFEST DISREGARD OF THE LAW**

Assuming that the Panel had the authority to entertain Dain's motion and did so in a constitutionally accepted procedure without manifestly disregarding the law in dismissing the Statement of Claim, the Panel clearly exceeded its authority in issuing attorneys' fees as part of the award. Without providing Claimants any opportunity, whatsoever, to contest the amount of such fees, the Panel awarded Dain $13,944.60 in attorneys' fees citing for its authority the Washington State Securities Act.[4] *See* Exhibit 6 hereto.

---

[4] The willingness of the Panel to render such a substantial award of fees against claimants without providing Claimants any opportunity to contest the reasonableness of such fees (only a pleading and the motion were filed and

MOTION TO VACATE ARBITRATION AWARD- 11
c:\documents and settings\ari\desktop\memorandum in support of motion to vacate.doc

BERGMAN & FROCKT
705 SECOND AVENUE, SUITE 1601
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

The Washington State Securities Act provides that citizens who were aggrieved by the offer or sale of securities in violation of that statute may seek recovery of attorney's fees:

> Any person, who offers or sells a security in violation of any provisions of RCW 21.20.010, 21.20.140 (1) or (2), or 21.20.180 through 21.20.230, is liable to the person buying the security from him or her, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at eight percent per annum from the date of payment, costs, and reasonable attorneys' fees...

RCW 21.20.430(1). There is no provision, whatsoever, for the brokerage firm to recover if it successfully defends against such a claim. Therefore, from the very face of the Award, that portion which requires Claimants to pay attorneys' fees must be vacated since, on its face the Award evidences that the Panel exceeded its authority within the meaning of 9 U.S.C. § 10.

## VI. CONCLUSION

The Arbitration Code lacks any provision for dismissing the Statement of Claim as the Statement alleges wrongful acts arising out of Dain's securities business that occurred within six years of the filing and does not assert a class action or a discrimination claim. Assuming the Arbitration Code could be read to contain such a summary procedure, the procedure the Panel used here lacked any procedural safeguards necessary to satisfy the due process requirement of the Fifth Amendment. Further, the Panel's dismissal of the Statement of Claim, assuming the Arbitration Code permitted the process and it was not constitutionally defective, was occasioned by in manifest disregard of the law. And finally, the award of attorney's fees not only evidences such manifest disregard of the law but exceeded the authority of the Panel.

---

no discovery engaged in) evidences another instance of a denial of due process in which the Panel acted in what appears to be a capricious and arbitrary manner.

MOTION TO VACATE ARBITRATION AWARD- 12
c:\documents and settings\ari\desktop\memorandum in support of motion to vacate.doc

BERGMAN & FROCKT
705 SECOND AVENUE, SUITE 1601
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1  DATED this 27th day of March, 2006.

2                                          BERGMAN & FROCKT

3

4                                          _____
                                           Ari Y. Brown, WSBA #29570
                                           Bergman & Frockt
5                                          705 Second Avenue, Suite 1601
                                           Seattle, WA 98104

MOTION TO VACATE ARBITRATION AWARD- 13
c:\documents and settings\ari\desktop\memorandum in support of motion to vacate.doc

BERGMAN & FROCKT
705 SECOND AVENUE, SUITE 1601
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549