Received From
SEATTLE

MAR 3 0 20

06-CV-05163-DECL

___ FILED          ___ ENTERED
___ LODGED         ___ RECEIVED

MAR 28 2006    DB

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Burrell Marsh Allen and Helen Allen, , | **CV 06-5163 RJB** |
| Plaintiffs, | No. |
| v. | DECLARATION OF ARI Y. BROWN IN SUPPORT OF MOTION TO VACATE |
| RBC Dain Rauscher Inc., Robert Lance Posner, | |
| Defendants. | |

I, Ari Y. Brown, do hereby declare under penalty of perjury under the laws of the State of Washington as follows:

1.    I am local counsel representing Burrell Marsh Allen and Helen Allen in the above-entitled action. I make this declaration based upon personal knowledge.

2.    On, Monday, March 27, 2006, I received by electronic mail the Declaration and signature of Nicholas P. Iavarone to which this declaration is attached.

3.    I have personally listened to a webcast recording of a presentation given by Linda Feinberg, president of the NASD, in which she stated the following:

> In SRO NASD arbitration, unlike in court, you get an equitable
> result.  You do not have to have a claim that is cognizable under
> state or federal law; it can be cognizable under NASD rules.  So, for

DECLARATION OF ARI Y. BROWN                                   1
x:\ari brown\allen v dain rauscher\allen declaration of ari brown.doc

**ORIGINAL**

BERGMAN & FROCKT
705 SECOND AVENUE, SUITE 1601
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1         example, there is only one cause of action under federal securities
2         laws, that's 10b, it's very limited, it has a very short statute of
          limitations.

3  The full recording of the presentation is available at www.connectlive.com/events/nasaa.

4

5      4.      This declaration is presented pursuant to GR 17(a)(2) for the purpose of filing with

the Court .

6        Signed in Seattle, Washington this 28th day of March, 2006.

7

8                      By:_____
                          Ari Y. Brown

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DECLARATION OF ARI Y. BROWN             2
s:\ari brown\allen v dain rauscher\allen declaration of ari brown.doc

BERGMAN & FROCKT
705 SECOND AVENUE, SUITE 1601
SEATTLE, WA 98104
TELEPHONE  206.957.9510
FACSIMILE  206.957.9549

NICHOLAS P. IAVARONE, under oath, deposes and says:

1.     Affiant is an attorney licensed to practice law in the State of Illinois and represents Burell Marsh and Helen Allen in the arbitration entitled <u>Burrell Mash Allen and Helen Allen v. RBC Dain Rauscher Inc. and Robert Posner</u>, NASD No. 05-03363.

2.     Affiant presented the argument on behalf of Mr. and Mrs. Allen in the telephonic conference in response to Dain Rauscher's Motion to Dismiss. At the hearing, Affiant reminded the Panel that no evidence, affidavits or other forms of evidence had been presented and therefore all facts pled by Mr. and Mrs. Allen must be taken as true.

3.     In addition to the matters set forth in Mr. and Mrs. Allen's written response to Respondent's Motion, the following additional arguments were presented:

   A.     Whether Mr. and Mrs. Allen understood the nature of their cause of action when they wrote the letter to Dain Rauscher was a factual question and no evidence had been adduced concerning their state of mind at the time they wrote the letter and, therefore, whether the letter acted to toll the statute of limitations on their claim for breach of fiduciary duty was a factual issue that could not be resolved by a motion to dismiss;

   B.     Dain Rauscher's contract incorporated by reference NASD rules, and therefore, a breach of the NASD rules by Dain Rauscher constituted a breach of contract; and

   C.     Since this matter was pending before the NASD and not a court, Mr. and Mrs. Allen could maintain an action for a breach of NASD rules and regulations which resulted in damages and that the only time limitations on such an action was the six year filing requirement imposed by the NASD.

4.     Since no discovery had been exchanged, Affiant did not have a copy of the contract signed by Mr. and Mrs. Allen with Dain Rauscher; however, Affiant did have a copy of a contemporaneous contract signed by another Dain Rauscher customer.  Dain Rauscher did not deny, nor even dispute that Mr. and Mrs. Allen's contract contained a similar provision.

5.     Affiant then proceeded to read the following provision of the contract to the arbitrators:

   Applicable Rules and Statutes.   All transactions made for me under this agreement shall be subject, where applicable, to the provisions of the Securities Exchange Act of 1934 and the Commodity Exchange Act, to all rules and regulations of the Securities and Exchange Commission, the Board of Governors of the Federal Reserve System and the Commodity Futures Trading Commission. They also shall be subject to the rules and regulations, customs and usages of the

exchange or market where my orders are executed, as the same may be amended or supplemented from time to time.

6.      Affiant then informed the arbitrators that even if all the other claims were assumed to be time-barred, the contract and NASD rule claims were well within the applicable statute of limitations.

FURTHER AFFIANT SAYETH NOT.


_Nicholas P. Iavarone/jlm_          _3/24/06_
Nicholas P. Iavarone                            Date