UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BURRELL MARSH ALLEN and HELEN ALLEN,<br><br>Petitioners,<br><br>v.<br><br>RBC DAIN RAUSCHER, INC. and ROBERT LANCE POSNER,<br><br>Respondents. | Case No.  C06-5163 RJB<br><br>**ORDER DENYING PETITIONERS' MOTION TO VACATE ARBITRATION AWARD** |

This matter comes before the Court on Petitioners' Motion to Vacate Arbitration Award. Dkt. 2. The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## **FACTUAL AND PROCEDURAL HISTORY**

Petitioners' motion to vacate arises from an arbitration award issued on December 29, 2005, through the National Association of Securities Dealers ("NASD"), in favor of Respondents RBC Dain Rauscher, Inc. ("Dain Rauscher") and Robert Posner. Dain Rauscher is one of the nation's largest securities broker-dealers, with its headquarters in Minneapolis, Minnesota, and branches in Washington State. Among other things, Dain Rauscher is in the business of offering financial advice to private investors regarding stocks, bonds, and similar investments. Mr. Posner was a licensed financial consultant (i.e., stock broker) working for Dain Rauscher during the period of time pertinent to this dispute.

ORDER
Page - 1

1  Petitioners Burrell Allen and Helen Allen had an investment account with Dain Rauscher between 1994
2  and 2002, during which time Mr. Posner provided financial guidance and advice to Mr. and Mrs. Allen
3  as their financial consultant.
4         The NASD Dispute Resolution program frequently resolves disputes between investors and
5  securities firms by assigning the claim to an arbitration panel. The panel, which usually consists of three
6  members, reviews the evidence and statements by both parties before issuing a final binding decision.
7  Panel members are not necessarily attorneys or former judges with a legal background, and the panel often
8  includes at least one person with investment expertise, such as a former stock broker. The arbitration
9  process is authorized by the underlying contract between an investor and the securities firm, which is
10 usually signed by the investor when the account is opened. Moreover, because the arbitration panel's
11 decision is usually binding on the parties under the terms and conditions of the contract, such decisions
12 are seldom vacated in a court of law. Occasionally, a court may overturn the arbitration panel's decision
13 when certain criteria are met, such as a manifest disregard of the law, as discussed in greater detail below.
14        The facts leading up to the NASD Arbitration Award in question can be briefly summarized as
15 follows: Beginning in the late 1990s, Petitioners made several investments through their account at Dain
16 Rauscher that ultimately declined in value. In April 2002, Petitioners transferred their account from Dain
17 Rauscher to another securities firm, and wrote a letter to Dain Rauscher's compliance department
18 complaining about the losses and demanding their money back. On June 30, 2005, Petitioners filed a
19 Statement of Claim with the NASD Dispute Resolution program, seeking arbitration of their claims. Dkt.
20 8 at 4. In their Statement of Claim, Petitioners asserted the following causes of action: (1) breach of
21 fiduciary duty, (2) breach of contract, (3) violation of the federal Securities Exchange Act, (4) violation
22 of the Washington Securities Act, (5) negligence, and (6) failure to supervise. *Id.* In their Statement of
23 Claim, Petitioners alleged that their losses were due to Mr. Posner's failure to properly invest their assets,
24 as well as inappropriate purchases of "B share" mutual funds. *Id.* B share mutual funds are commonly
25 called "back-end" mutual funds because investors are charged a fee when they sell these funds, rather than
26 when they purchase them. Petitioners sought $200,000 in compensatory damages, $600,000 in punitive
27 damages, and attorney's fees. *Id.*
28        On August 25, 2005, Respondents Dain Rauscher and Mr. Posner filed a motion to dismiss with

the NASD, arguing that Petitioners' claims were time-barred by the applicable statutes of limitations. Dkt. 1(8) at 2-11. Specifically, Respondents argued that each claim was untimely under Washington law, except for the breach of contract claim, which has a six-year statute of limitations pursuant to RCW 4.16.040. *Id.* Respondents further argued that the breach of contract claim should be dismissed as "vague and baseless," and as a "failed attempt to create a cause of action that will survive a statute of limitations attack." *Id.* at 3-4. On November 10, 2005, Petitioners filed a response in opposition to Respondents' motion to dismiss. Dkt. 8 at 5. On December 21, 2005, the arbitration panel and the parties participated in a telephonic pre-hearing conference during which the panel heard oral argument from the parties regarding the motion to dismiss. *Id.*

On December 29, 2005, the arbitration panel issued an Arbitration Award that states (1) Petitioners' claims are dismissed with prejudice, and (2) Petitioners are liable for $13,944.60 in attorney's fees and $905.61 in costs, pursuant to the Washington State Securities Act. *Id.* at 5-6. In the section of the Arbitration Award entitled "Other Issues Considered and Decided," the award also states: "After due deliberation, the Panel granted Respondents' motion on the grounds that [Petitioners'] claims are barred by applicable statutes of limitation." *Id.* at 5. No other reasons or explanations for the arbitration panel's decision are provided in the Arbitration Award. *Id.* at 4-10.

On March 28, 2006, Petitioners filed this motion to vacate the NASD Arbitration Award in federal court. Dkt. 2. In support of their motion, Petitioners argue that the award should be set aside for the following reasons: (1) the panel exceeded its authority because the arbitration code does not permit summary dismissal, (2) summary dismissal lacks discernable standards and is therefore arbitrary and capricious, (3) the panel dismissed the statement of claim in manifest disregard of the law by ignoring the applicable statutes of limitations, and (4) the panel awarded attorney's fees in manifest disregard of the law by citing the wrong statute as authority. Dkt. 2(1) at 4-12.

With regard to Petitioners' statute of limitations argument, Petitioners contend that the arbitration panel ignored their breach of contract claim, which has a six-year statute of limitations under RCW 4.16.040, and barred it as untimely along with the other claims, which have shorter statutes of limitations. A review of the record shows that several transactions, each pertinent to this dispute, occurred within six years of Petitioners' filing date with the NASD. Petitioners also contend that the arbitration panel

similarly erred when they dismissed Petitioners' claims for breach of fiduciary duty and violation of NASD rules as barred by the applicable statutes of limitations. With regard to attorney's fees, Petitioners argue that the panel's award of attorney's fees and costs was made in error, because the statute cited in the Arbitration Award only permits attorney's fees when a plaintiff prevails in a securities law suit, and not when a defendant prevails in a securities law suit. *See* RCW 21.20.430(1) (Securities Act of Washington).

In their Response to the motion to vacate, Respondents advance several arguments in favor of the Arbitration Award, including (1) the arbitration panel found that the breach of contract claim was a veiled attempt at avoiding a statute of limitations problem, and therefore dismissed it on its merits, and (2) the panel may award attorney's fees without an authorizing statute, and therefore the award should stand regardless of whether the panel misinterpreted the statute in question. Dkt. 10 at 2; Dkt. 7(1) at 11-12.

**STANDARDS FOR VACATING OR MODIFYING AN ARBITRATION AWARD**

The Federal Arbitration Act (FAA) gives the federal courts a very limited power to review arbitration awards. *See* 9 U.S.C. §§ 10-11. The FAA provides that a federal court may vacate an arbitration award (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption by the arbitrators; (3) where the arbitrators were guilty of misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. *See* 9 U.S.C. § 10; *Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1133 (9th Cir. 2003). The FAA also sets forth the grounds for modification of an arbitration award, which is permitted (1) where there was an evident material miscalculation of figures, or (2) where the arbitrators have awarded upon a matter not submitted to them. *See* 9 U.S.C. § 11.

Neither Section 10 of the FAA, which governs vacation of arbitration awards, nor Section 11, which governs modification, expressly provide the courts with the power to vacate or modify an arbitration award on the grounds that the arbitration panel disregarded the law. The Ninth Circuit is one of the circuits that recognize "manifest disregard of the law" as a basis for judicial intervention with an arbitration award. *See G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003); *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1990). In the Ninth Circuit, a federal court may vacate an arbitration award "*only* if that award is completely irrational, exhibits a manifest

ORDER
Page - 4

disregard of law, or otherwise falls within one of the grounds set forth in [the FAA]." *See Coutee v. Barington Capital Group, L.P.*, 336 F.3d at 1133 (emphasis in original) (quoting *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d at 1105). Manifest disregard of the facts is not an independent ground for vacatur in this circuit. *See Coutee v. Barington Capital Group, L.P.*, 336 F.3d at 1133.

A federal court must confirm arbitration awards even when they are attributable to "erroneous findings of fact or misinterpretations of law." *French v. Merrill Lynch, Pierce, Fenner & Smith*, 784 F.2d. 902, 906 (9th Cir. 1986) (quoting *American Postal Workers Union, AFL-CIO v. United States Postal Service*, 682 F.2d 1280, 1285 (9th Cir. 1982), *cert. denied*, 459 U.S. 1200 (1983)). "It is not even enough that the [Arbitration] Panel failed to understand or apply the law ... An arbitrator's decision must be upheld unless it is completely irrational, or it constitutes a manifest disregard of the law." *French v. Merrill Lynch*, 784 F.2d. at 906 (citations and notes omitted).

## DISCUSSION

Petitioners' arguments for vacating the NASD Arbitration Award are as follows: (1) the panel exceeded its authority because the arbitration code does not permit summary dismissal, (2) summary dismissal lacks discernable standards and is therefore arbitrary and capricious, (3) the panel dismissed the statement of claim in manifest disregard of the law by ignoring the applicable statutes of limitations, and (4) the panel awarded attorney's fees in manifest disregard of the law by citing the wrong statute as authority. Dkt. 2(1) at 4-12. Each of these arguments will be discussed in turn.

A. **SUMMARY DISMISSAL AND THE NASD ARBITRATION PROCESS**

Petitioners' argue that the NASD arbitration panel exceeded its authority by dismissing Petitioners' claims without first holding an evidentiary hearing. In support of their argument, Petitioners cite NASD Code of Arbitration Procedure § 10303(a), which states: "Any dispute, claim or controversy ... shall require a hearing unless all parties waive such hearing in writing and request that the matter be resolved solely upon the pleadings and documentary evidence." Petitioners' argument is without merit for two reasons. First, it appears that the parties actually participated in a hearing before a decision was rendered by the arbitration panel. Second, questions of summary dismissal, including when and how it should be rendered, are questions of procedure to be determined by the NASD arbitration panel.

The NASD Uniform Submission Agreement signed by all parties obligates them to conduct the

1  arbitration in accordance with the NASD Code of Arbitration Procedure. The Code, which sets forth the
2  ground rules of arbitration, contains no provisions expressly prohibiting summary dismissal. Moreover,
3  the section of the Code cited by Petitioners, NASD Code of Arbitration Procedure § 10303(a), does not
4  define or explain the term "hearing," which can be interpreted to mean several things. A careful review
5  of the record shows that the arbitration panel held a telephonic "pre-hearing conference" on December
6  21, 2005, during which the panel *heard oral argument* from the parties regarding Respondents' Motion
7  to Dismiss. Prior to this conference, both parties submitted several pleadings to the arbitration panel,
8  including Petitioners' Statement of Claim and Respondents' Answer, as well as briefs regarding
9  Respondents' Motion to Dismiss. It appears from the record that the arbitration panel members were
10 well-briefed when they held their conference, at which time they heard oral argument from both parties,
11 deliberated the merits of Respondents' motion, and dismissed all claims in this matter. In other words,
12 the parties participated in a hearing before a decision was reached.

13       Petitioners are interpreting the NASD Code of Arbitration Procedure to preclude summary
14 dismissal by focusing on the wording of Section 10303(a), and interpreting it to mean that the panel must
15 hold a "hearing," rather than a "pre-hearing conference" in every situation before rendering a decision.
16 However, it is the role of the arbitration panel, not the parties or the Court, to interpret and apply NASD
17 procedural rules to arbitration. NASD Code of Arbitration Procedure § 10324 states that "arbitrators
18 shall be empowered to interpret and determine the applicability of all provisions under this Code ..."
19 Moreover, in *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002), the U.S. Supreme Court
20 discussed its reasons for permitting NASD arbitrators to interpret NASD procedural rules:

> [T]he NASD arbitrators, comparatively more expert about the meaning of their own rule, are comparatively better able to interpret and to apply it. In the absence of any statement to the contrary in the arbitration agreement, it is reasonable to infer that the parties intended the agreement to reflect that understanding. And for the law to assume an expectation that aligns (1) decisionmaker with (2) comparative expertise will help better to secure a fair and expeditious resolution of the underlying controversy.

Because it is up to the arbitration panel to interpret the NASD Code of Arbitration Procedure and apply it to the proceedings, the Court declines to take a stance on whether a NASD arbitration panel should or should not allow summary dismissal as a general rule. Nor does the Court take a position on when or how such a decision should be made. Instead, the Court holds that these are procedural questions to be determined by the NASD arbitration panel. Absent a showing of separate and independent

ORDER
Page - 6

1  grounds for vacating or modifying an arbitration award under the Federal Arbitration Act, summary
2  dismissal by a NASD arbitration panel is not grounds for vacating or modifying an award.

3  It should be noted that at least two other federal district courts have held that NASD arbitrators
4  have authority to decide and grant a pre-hearing motion to dismiss, without first holding an evidentiary
5  hearing or allowing discovery. *See Warren v. Tacher*, 114 F. Supp. 2d 600, 602 (W.D. Ky. 2000);
6  *Griffin Industries, Inc. v. Petrojam Ltd.*, 58 F. Supp. 2d 212, 219-20 (S.D.N.Y. 1999) (denying motion
7  to vacate arbitration award based on pre-hearing dismissal of claims, and noting that "arbitrators are not
8  compelled to conduct oral hearings in every case"). Moreover, at least two federal district courts have
9  recognized the authority of NASD arbitrators to decide pre-hearing dismissals for failure to state a claim
10 under the NASD Code of Arbitration Procedure. *See Prudential Securities, Inc. v. Dalton*, 929 F. Supp.
11 1411, 1417 (N.D.Okla. 1996); *Max Marx Color & Chemical Co. Employees' Profit Sharing Plan v.*
12 *Barnes*, 37 F. Supp. 2d 248, 250-51 (S.D.N.Y. 1999).

13 It is apparent that Petitioners used the phrase "exceeded their authority" in their motion to vacate
14 because the Federal Arbitration Act allows the Court to vacate an arbitration award when arbitrators have
15 "exceeded their powers." *See* 9 U.S.C. §§ 10(a). The U.S. Court of Appeals for the Ninth Circuit
16 interpreted this portion of the FAA in the following manner:

17 > We have held that arbitrators "exceed their powers" in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is completely
18 > irrational, or exhibits a manifest disregard of law (internal citations and quotations omitted).

19 *See Kyocera Corp. v. Prudential-Bache T Services, Inc.*, 341 F.3d 987, 997 (2003).

20 It is clear to the Court that the arbitration panel did not exceed its powers by interpreting the
21 NASD Code of Arbitration Procedure to allow dismissal of Petitioners' claims during, or immediately
22 following, the pre-hearing conference. In order to exceed its powers, pursuant to the terminology of the
23 FAA, the arbitration panel would have had to issue a completely irrational award or exhibit a manifest
24 disregard of the law, which has not occurred in this case.

25
26

27 **B. SUMMARY DISMISSAL IS NOT BY ITSELF ARBITRARY AND CAPRICIOUS; FIFTH AMENDMENT DUE PROCESS PROTECTIONS DO NOT APPLY TO PRIVATE
28 ARBITRATION**

ORDER
Page - 7

Petitioners argue at length that if the NASD Code of Arbitration Procedure can be interpreted to allow summary dismissal, then the entire process violates the Fifth and Fourteenth Amendments of the U.S. Constitution because no standards exist to protect a party from arbitrary and capricious dismissals of claims. Petitioners' argument is without merit.

First and foremost, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. at 83 (quoting *Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). Once the parties have agreed to arbitrate a claim, they are obligated to do so pursuant to the terms of the arbitration provision and the rules of the arbitration organization incorporated by reference in the provision. Unless specified in the arbitration agreement, arbitrators are not required to explain or justify their decision.

Petitioners' argument that the NASD Code of Arbitration Procedure violates the Due Process Clause of the Fifth and Fourteenth Amendment fails because the arbitration panel, which often consists of non-attorneys, is not the judiciary and is not bound to the same extent by federal or state statutes and common law when issuing a decision. Rather, the arbitration panel is bound to apply the rules and procedures *previously agreed upon* by the parties. And, in this case, these rules do not require a reasoned opinion, they do not preclude summary dismissal, and they do not require a record of the proceedings that can be reviewed by an "appellate" body. Simply stated, the parties agreed upon the rules ahead of time, the rules provide for a binding decision without a reasoned opinion, and that is what the parties received.

Second, a federal court in this circuit may vacate an arbitration award if the award is completely irrational, or exhibits a manifest disregard of the law, or otherwise falls within one of the grounds set forth in the Federal Arbitration Act. *See Coutee v. Barington Capital Group, L.P.*, 336 F.3d at 1133 (quoting *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d at 1105). Parties to an arbitration are therefore not without due process in the court system. They are, however, bound to a large extent by the provisions in their contract and by the Federal Arbitration Act itself, which has been repeatedly upheld by the U.S. Supreme Court. The FAA specifically prevents the Court from reviewing an arbitration award on its merits, and only allows the Court to intervene under very limited circumstances, none of which exist in this case. Therefore, Petitioners have not been denied their due process rights, they have only been held to the terms

of their contract, which can hardly be seen as unfair under the circumstances.

In sum, the Fifth and Fourteenth Amendments of the U.S. Constitution guarantee due process through the public court system, but not in private arbitration, which is governed by the terms of the arbitration agreement. To hold otherwise would prohibit parties from entering into contracts to arbitrate disputes on their own terms, which is one of the primary reasons that arbitration exists.

C.    **STATUTE OF LIMITATIONS AND MANIFEST DISREGARD OF THE LAW**

Petitioners argue that the NASD arbitration panel dismissed several of their claims as barred by the applicable statutes of limitations in manifest disregard of the law. In support of their argument, Petitioners cite the portion of the NASD Arbitration Award that states "After due deliberation, the Panel granted Respondents' motion on the grounds that [Petitioners'] claims are barred by applicable statutes of limitation." Dkt. 8 at 5. Petitioners argue that the panel erred in its decision because (1) Petitioners' claim for breach of contract has a six-year statute of limitations under both Washington and Minnesota law, (2) their claim for breach of fiduciary duty has a six-year statute of limitations under Minnesota law, and (3) their claim alleging violation of NASD and NYSE "exchange rules" has a six-year statute of limitations under NASD Code of Arbitration Procedure § 10304. Petitioners' correctly point out that several of the disputed investments were purchased and/or sold within six years of Petitioners' filing date with the NASD. It should be noted that the underlying contract is governed by Minnesota law, and the parties have cited both Washington and Minnesota law in their briefs.

In the Ninth Circuit, a federal court may vacate an arbitration award "*only* if that award is completely irrational, exhibits a manifest disregard of law, or otherwise falls within one of the grounds set forth in [the FAA]." *See Coutee v. Barington Capital Group, L.P.*, 336 F.3d at 1133 (emphasis in original) (quoting *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d at 1105). A federal court must confirm arbitration awards even when they are attributable to "erroneous findings of fact or misinterpretations of law." *French v. Merrill Lynch, Pierce, Fenner & Smith*, 784 F.2d. at, 906 (quoting *American Postal Workers Union, AFL-CIO v. United States Postal Service*, 682 F.2d at 1285 (9th Cir. 1982), *cert. denied*, 459 U.S. 1200 (1983)). "It is not even enough that the [Arbitration] Panel failed to understand or apply the law ... An arbitrator's decision must be upheld unless it is completely irrational, or it constitutes a manifest disregard of the law." *French v. Merrill Lynch*, 784 F.2d. at 906 (citations and notes omitted).

First, it should be noted that the NASD Arbitration Award is ambiguous regarding how the arbitration panel's decision was reached. The award itself has several sections. Dkt. 8. The above language quoted by Petitioners regarding the statutes of limitations appears in a section titled "Other Issues Considered and Decided." *Id.* at 5. A separate section, titled "Award," simply states that "Claimants' claims are dismissed with prejudice," but does not mention anything regarding statutes of limitations. *Id.* No other reasons or explanations for the arbitration panel's decision are provided in the award. *Id.* at 4-10. A transcription of the pre-hearing conference does not exist (to the knowledge of the Court), and, to confuse the issue further, it is also unclear whether the panel applied Washington or Minnesota law. In short, the Court has no way of knowing how the arbitration panel's decision was made

The fact that the award states in one section that the claims were dismissed on statute of limitations grounds does not mean that *all* claims were dismissed *solely* on this basis. The separate section titled "Award" simply dismisses the claims outright without any mention of the statutes of limitation. Moreover, the record show that prior to issuing its decision, the panel held a conference, heard oral argument by both parties, and reviewed the parties' pleadings (which discussed in detail the merits of each claim). Because the award is ambiguous, it is very possible that the arbitration panel dismissed some of the claims based on statutes of limitations grounds, and some of the claims on their merits. Indeed, the panel may have decided that several of the claims were baseless.

Arbitration awards are not judicial opinions, and arbitrators are not required to give their reasons unless so directed by the underlying contract. Simply stated, there is no evidence to suggest *manifest* disregard of the law when the laws are not cited and the reasoning for the decision is not clear. Manifest disregard of the law requires a showing that the arbitrator knew the law, knew he or she was required to apply the law, and deliberately chose to ignore it. *See e.g., DiRussa v. Dean Witter Reynolds*, 121 F.3d 818 (2nd Cir. 1997); *Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456, 1461 (11th Cir. 1997). In this case, the record suggests that the panel *may* have misinterpreted the law when they applied the applicable statutes of limitations to some of the claims. However, it also suggests that they *may* have deliberated those claims on their merits prior to issuing the award, especially given the fact that oral argument was heard and several lengthy briefs were submitted by both parties. In sum, Petitioners have failed to show that the panel's decision constitutes a manifest disregard of the law, and Petitioners' motion

to vacate should be denied.

### D. AWARD FOR ATTORNEY'S FEES AND MANIFEST DISREGARD OF THE LAW

Petitioners argue that the panel's award of attorneys fees and costs constitutes a manifest disregard of the law, because the panel cited the Securities Act of Washington (RCW 21.20 *et. seq.*) as authority for the award. The NASD Arbitration Award states that "Claimants are liable to and shall pay Respondents the sum of $13,944.60 in attorney's fees and $905.61 in costs, pursuant to the Washington State Securities Act." Dkt. 8 at 5. The Securities Act of Washington allows the *purchaser* of a security to recover attorney's fees and costs when he or she prevails in an action brought under the Act. *See* RCW 21.20.430(1). There is no provision in the Act that allows recovery of attorney's fees on behalf of the brokerage firm when they successfully defend against such a claim.

Respondents argue that the NASD Arbitration Panel is authorized to award attorney's fees under NASD Code of Arbitration Procedure § 10330, which indicates that arbitrators may award "damages and other relief." Respondents further argue that because the panel has the authority to award attorney's fees, it does not matter if the panel misinterpreted the Securities Act of Washington, and the award should therefore stand.

First, the Court agrees with Respondents that the NASD arbitration panel is authorized to award attorney's fees under NASD Code of Arbitration Procedure § 10330. The U.S. Supreme Court has held that this section of the NASD Code of Arbitration Procedure "strongly implies" that an arbitration panel has the authority to award punitive damages, despite the fact that the state law in that case prohibited punitive damages. *See Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 60-61 (1995). Given the *Mastrobuono* decision*,* it follows that a NASD arbitration panel has the authority to award attorney's fees and costs.

Second, the Court concludes that the Securities Act of Washington does not expressly authorize a brokerage firm to recover attorney's fees when the firm successfully defends against such a claim. However, as already discussed, a federal court in this circuit may vacate an arbitration award "*only if that award is completely irrational, exhibits a manifest disregard of law, or otherwise falls within one of the grounds set forth in [the FAA]." See Coutee v. Barington Capital Group, L.P.*, 336 F.3d at 1133 (emphasis in original) (quoting *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d at 1105).

It appears that the arbitrators in this case may have misinterpreted the Securities Act of Washington (only one of the three panel members appears to be a lawyer). This misinterpretation does not, however, rise to a level of exhibiting a manifest disregard of the law, nor is such an interpretation of the Securities Act of Washington completely irrational, nor does it fall within one of the grounds expressly set forth in the FAA. Moreover, because the arbitration panel is authorized to award attorney's fees and costs under NASD Code of Arbitration Procedure § 10330, any such misinterpretation is not grounds for vacating the award.

E.    **RESPONDENTS' REQUEST FOR ATTORNEY'S FEES**

Respondents request an order awarding attorney's fees and costs in this matter, alleging that Petitioners' motion to vacate undermines the purpose and spirit behind the Federal Arbitration Act, which encourages and upholds binding arbitration. However, Respondents have not provided any authority in the Ninth Circuit or the State of Washington to support such an award, and the Court declines to make such an award at this time.

## ORDER

Therefore, it is hereby

**ORDERED** that Petitioners' Motion to Vacate Arbitration Award (Dkt. 2) is **DENIED** with prejudice, and that this case is **DISMISSED** with prejudice.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of May, 2006.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge